IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEPHANIE A. GALBACH                                               PLAINTIFF

vs.                              Civil No. 2:11-cv-02081

MICHAEL J. ASTRUE                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Stephanie Galbach ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

### 1. Background:

Plaintiff filed her applications for DIB and SSI on August 25, 2008.  (Tr. 113-126).  Plaintiff

alleged she was disabled due to left side weakness from brain stem surgery, bulging disc, asthma,

anxiety disorder.  (Tr. 162).  Plaintiff alleged an onset date of November 18, 2007.  (Tr. 162).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's applications were denied initially and at the reconsideration level.  (Tr. 51-56, 69-73).

On March 16, 2009, Plaintiff requested an administrative hearing on her applications.  (Tr. 64-68).  This hearing was held on November 19, 2009 in Fort Smith, Arkansas.  (Tr. 22-46).  Plaintiff was present and was represented by attorney Fred Cadell, at this hearing.  *See id.*  Plaintiff and Vocational Expert Monty Udel Lumpkin ("VE") testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a GED and had some college hours.  (Tr. 26, 28).

On April 16, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 10-17).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 18, 2007.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the severe impairments of hypertension, asthma, mood disorder, obesity, and status post excision epidermoid cyst in the brain stem.  (Tr. 12, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 13-15).  First, the ALJ evaluated  Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found her claimed limitations were not totally credible.  (Tr. 14).  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for sedentary work with limitations that she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes or scaffolds; can frequently reach, handle, and

finger, can occasionally reach overhead; must avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation; can understand, remember and carry out simple, routine, and repetitive tasks; and can respond appropriately to supervisors, co-workers, the general public, and usual work situations.  (Tr. 13, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy.  (Tr. 15, Finding 6).  The ALJ determined, considering her RFC, that Plaintiff would be unable to perform her PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 36-37, Finding 10).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a assembly work with approximately 1,155 such jobs in the region and 63,718 such jobs in the nation, account clerk with approximately 477 such jobs in the region and 40,580 such jobs in the nation, and an addressing clerk with approximately 190 such jobs in the region and 25,132 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 18, 2007 through the date of the ALJ's decision. (Tr. 17, Finding 11).

On April 30, 2010, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 4-6).  *See* 20 C.F.R. § 404.968.  On March 18, 2011, the Appeals Council declined to review the ALJ's unfavorable decision.  (Tr. 1-3).  On May 6, 2011, Plaintiff filed the present appeal.  ECF No. 1.  The parties consented to the jurisdiction of this Court on May 12, 2011.  ECF No. 5.  Both parties have filed appeal briefs.  ECF Nos. 11, 12.  This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 9-15. Specifically, Plaintiff claims the ALJ erred by (1) improperly evaluating the opinions of Plaintiff's treating physician and (2) in determining her RFC. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12. Because this Court finds the ALJ improperly evaluated the opinions of Plaintiff's treating physician, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See*

*Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for sedentary work with limitations. (Tr. 13, Finding 5).  Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physician, Dr. Terry Hoyt.  ECF No. 11, Pgs. 9-15.  Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record.  ECF No. 12, Pgs, 4-10.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R.

§ 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff was first seen by her treating physician, Dr. Terry Hoyt, on August 22, 2007.  (Tr. 252, 268).  On August 17, 2009, Dr. Hoyt prepared a letter regarding his opinions of Plaintiff.  (Tr. 530).  In this letter, Dr. Hoyt stated he had been treating Plaintiff for over two years. *Id.*  He stated Plaintiff had a history of right cerebellopontine cyst with severe headaches. *Id.*  Dr. Hoyt stated this was removed in 1999 and since that time, Plaintiff has had chronic headaches, fibromyalgia, excessive fatigue and has been unable to maintain gainful employment. *Id.*  Dr. Hoyt also stated Plaintiff had asthmatic bronchitis with recurrent flares and chronic back pain. *Id*.

In his opinion, the ALJ stated he carefully considered the August 17, 2009 letter of Dr. Hoyt, but did not grant it any probative value as he found it was not supported by the medical evidence of record.  (Tr. 15).  There was no further discussion regarding the weight given to Dr. Hoyt's opinions or the basis for discounting them.

The ALJ failed to discuss a report from Dr. Hoyt from November 17, 2008 which stated Plaintiff was limited to lifting 20 pounds; had minimal standing limitations; had moderate limitations in stooping, kneeling, and walking; and had severe limitations in pushing, pulling, and carrying.  (Tr. 276).  Also, the ALJ failed to discuss Dr. Hoyt's Attending Physician Report from February 6, 2009

7

which found Plaintiff unable to work eight hours a day, would need unscheduled breaks during an eight-hour work day, and would miss work about four days a month as a result of her impairments. (Tr. 268).

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, The ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Hoyt's findings. *See Brown,* 611 F.3d at 951-52. Furthermore, the record does not contain other medical assessments which are supported by better or more thorough medical evidence as required by SSR 96-2p in order to disregard a treating physician's opinion.

In this matter substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician, Dr. Hoyt. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Hoyt. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[2]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

52 and 58.

**ENTERED** this 21st **day of May 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

9